IRVING TRUST COMPANY, as Trustee in Bankruptcy of JAMES RAE CLARKE and Others, Individually and as Copartners Doing Business as CLARKE BROS., Plaintiff, *v.* SCHUYLER A. ORVIS and Another, Defendants.

Supreme Court, New York County, March 18, 1931.

*White & Case* [*Chester Bordeau* of counsel], for the plaintiff.

*Abraham B. Keve*, for the defendant Kennedy.

*John G. Griffin*, for the defendant Orvis.

GLENNON, J. This action is brought by plaintiff, as trustee of Clarke Bros., to recover the amounts of a series of promissory notes made by defendant Orvis and indorsed, solely for accommodation, by defendant Kennedy. The answers interposed do not deny the making, indorsements or the amounts of the several notes. They do, however, contain affirmative defenses to the effect that the notes were in fact delivered to Theodore Taylor & Co., Inc., pursuant to a mutual corrupt and usurious agreement between Taylor & Co. and the defendants Orvis and Kennedy that Taylor & Co. should lend defendant Orvis sums of money represented by the notes upon interest at the rate per annum of fifty-eight per cent on each $100, and which usurious interest the defendant paid to Taylor & Co. at the time of the making and delivery of the notes. It is then alleged upon information and belief " that

if the plaintiffs are the owners and holders of the notes described in the complaint the plaintiffs discounted the said notes and received them with the full knowledge of the payment of such usurious rate of interest to Theodore Taylor & Co., Inc., and knowingly and intentionally joined with the said Theodore Taylor & Co., Inc., in an attempt to evade the usury laws." Plaintiff now makes this motion upon two grounds, (1) for summary judgment pursuant to rule 113 of the Rules of Civil Practice, and (2) to strike out the separate defenses for insufficiency in law. The question to be determined under the first phase of this motion is whether defendants by affidavit have shown "such facts as may be deemed * * * sufficient to entitle him [them] to defend" within the meaning of rule 113 of the Rules of Civil Practice. In support of the denials set forth in the answers upon information and belief defendant Kennedy in his affidavit states "that deponent believes that if Clarke Bros. are now the holders of the said notes they received the notes from Theodore Taylor & Co., Inc., with full knowledge of the payment of such a grossly usurious rate of interest as aforesaid, and knowingly and intentionally accepted the said notes for the sole purpose of assisting the said Theodore Taylor & Co., Inc., in evading the usury laws. Deponent further believes that Clarke Bros. were using the said firm of Theodore Taylor & Co., Inc., for the sole purpose of obtaining usurious rates of interest on loans, and that the said Clarke Bros. received a large part of the usurious interest which was paid on the aforementioned notes." This statement is practically a repetition of the denial contained in the answer upon information and belief. True, it contains the additional statement that Clarke Bros. received a part of the usurious interest. The entire statement, however, amounts to no more than Kennedy's belief. There are no facts, as required by rule 113, which would tend to show that defendants are entitled to defend this action. A statement of one's belief is not a statement of fact. At best what Kennedy avers is an expression of opinion or possibly a guess. No testimony to this effect would be admissible upon a trial. He has shown no facts to charge the bankers with actual knowledge and none which would impute knowledge to them. Accordingly I am of the opinion that the answers interposed are sham and were so interposed only for the purpose of delay and should be struck out. This disposition of the matter makes unnecessary any determination as to the sufficiency in law of the answers. I make note of this for the reason that counsel in elaborate briefs have argued this question primarily and have cited many authorities which are not at all in harmony on the construction of the Banking Acts, State and Federal, as well as of the Negotiable

Instruments Law of this State as applied to commercial paper in the hands of banking institutions. The contention of defendants that Clarke Bros. or their representatives cannot avail themselves of the provisions of the Banking Law for the reason that they did not comply with other sections of that law is erroneous. Clarke Bros. were unquestionably private bankers. Any failure on their part to comply fully with the Banking Law did not deprive them of their rights as such. The Banking Law itself imposes penalties for violation, and these penalties, I think, are exclusive. Summary judgment will, therefore, be granted in favor of plaintiff for the relief demanded in the complaint.